IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 12-245C

(Filed: December 9, 2014)
(NOT FOR PUBLICATION)

| | |
|---|---|
| ROLLOCK COMPANY, et al., | ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

ORDER FOR SECOND REMAND

At issue are the terms of a relocation contract between the National Park Service ("NPS") and plaintiffs, the prior owners of a scrap metal recycling facility. In aid of establishing the Flight 93 memorial, the government purchased the property on which plaintiffs' scrap recycling facility was located. Relatedly, plaintiffs and NPS entered into an agreement whereby plaintiffs agreed to sell scrap inventory to NPS and to move their personal property to a new location, and NPS agreed to pay plaintiffs for the costs of monitoring and removing materials remaining on the property. Plaintiffs allege that NPS violated the terms of this latter contract by refusing to pay the full amount owed for those costs. In *Rollock Co. v. United States*, 115 Fed. Cl. 317 (2014), the court determined that it had subject matter jurisdiction over plaintiffs' claims, stayed the case, and remanded proceedings to NPS for a period of six months to "further develop the factual record and definitively act on plaintiffs' claims." *Id*. at 334.[1] In conducting the proceeding on remand, however, NPS and plaintiffs failed to clarify the amount and type of material sold and removed and to develop facts attendant to the parties' performance under their agreement. On September 25, 2014, NPS issued a final decision finding plaintiffs' claim to be invalid. Final Determination at 4, ECF No. 28.

Plaintiffs subsequently filed a notice in this court on October 28, 2014, *see* Pls.' Rule 5.2(f) Notice, ECF No. 26, indicating that they did not consider that NPS's final decision "affords a satisfactory basis for disposition of the case" within the meaning of Rule

---

[1]Jurisdictionally, plaintiffs' claim turns in part on the Contract Disputes Act, 41 U.S.C. § 7102, 7104(b)(1), and the associated provision in the Tucker Act, 28 U.S.C. § 1491(a)(2), and in part on the Uniform Relocation Assistance and Real Property Acquisition Policies Act, Pub. L. No. 91-646, 89 Stat. 1894 (1971) (codified, as amended, at 42 U.S.C. § 4601-55), and the Tucker Act, 28 U.S.C. § 1491(a)(1). *See Rollock*, 115 Fed. Cl. at 324-34.

52.5(f)(1)(A) of the Rules of the Court of Federal Claims ("RCFC").  Accordingly, the court lifted the stay that it previously had entered and directed the defendant to file with the Clerk the decision issued by the NPS on remand as provided in RCFC 52.2(e).  Order Lifting Stay, ECF No. 27.  The court also requested that the parties file a Joint Status Report setting out their proposals for further proceedings.  *Id*.  The parties were unable to agree upon a Joint Status Report pursuant to the court's order and each submitted a unilateral report.  In the circumstances, the court scheduled a status conference to discuss further scheduling in the case.  Status Conference Order, ECF No. 31.

At a status conference held on December 5, 2014, the parties agreed to a second remand to the NPS for a fresh adjudication of plaintiffs' claims, in effect, to provide a clarifying and enhanced record and findings.  Thus, pursuant to RCFC 52.2, this case is FURTHER REMANDED to NPS for a period of three months.  *See* RCFC 52.2(b)(1)(B); *see also* 28 U.S.C. § 1491(a)(2).  On remand: (1) NPS shall conduct proceedings on the record, which record shall be transcribed; (2) counsel for the parties shall participate in all such proceedings before NPS, along with appropriate representatives of the clients; (3) the parties shall state their positions and the evidence upon which they rely, and they shall adduce additional evidence to fill gaps in the existing record; and (4) NPS shall rule with particularity on the merits of plaintiffs' claims.

The proceedings before the court shall **not** be stayed during the period of remand.  Rather the court shall remain available during the remand period to address any procedural disputes that may arise.  *See* RCFC 52.2(b)(1)(C).  Defendant shall report to the court every 30 days on the status of the remand proceedings.

It is so ORDERED.

                                                s/ Charles F. Lettow
                                                Charles F. Lettow
                                                Judge